[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff is a used car dealer licensed by the defendant, State of Connecticut, Department of Motor Vehicles (DMV). The DMV is empowered pursuant to General Statutes § 4-177, et seq. to supervise motor vehicle dealer licensees. In response to a complaint against the plaintiff by one of its customers, the DMV, after a hearing, found that the plaintiff had engaged in unfair and deceptive practices in violation of General Statutes §§14-64 (1) and 42-110b(a). The decision, dated December 24, 1996, forfeited a bond which the plaintiff had filed and imposed further sanctions. The plaintiff is aggrieved by the DMV decision and, pursuant to the Uniform Administrative Procedure Act (UAPA) § 4-166, et seq.; § 4-183, filed a timely appeal.
The facts underlying the case were found by the hearing officer to be as follows:
 1. Center Automotive, Inc., hereinafter "Licencee," is a used car dealer licensed by the State of Connecticut, Department of Motor Vehicles, license number U1671.
CT Page 7890
 2. On or about October 11, 1995, the Licensee executed a purchase order with one George Martinez for a 1988 Pontiac Grand AM automobile, VIN 1G2NW14MIJC610646, for a total purchase price of $10,448.20.
 3. In connection with the subject purchase, George Martinez paid $1,000.00 in cash as a down payment and financed the balance of the purchase price through Manufacturer's Credit Corp. the total of which payments over a three (3) year period would amount to $9,448.20.
 4. The Licensee received the full purchase price for the subject vehicle.
 5. Although the documents were executed on October 11, 1995, emission testing and actual pick-up of the subject vehicle did not occur until October 24, 1995.
 6. At the time of scheduled pick-up and delivery of the subject vehicle, George Martinez appeared at the Licensee's business only to be informed that the vehicle had caught fire and was significantly damaged.
 7. In connection with the purchase, George Martinez had paid a $1,000.000 deposit and had incurred personal liability with the Manufacturer's Credit Corp. in the amount or $9,448.20.
 8. The Licensee refunded the $1,000.00 deposit to George Martinez at his request but his liability for repayment of the loan remains.
(Return of Record (ROR), Item 6, pp. 1-2.)
The plaintiff disputes the finding that the customer's liability for the loan remained.
The resolution of this claim is by application of the substantial evidence rule. CT Page 7891
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations omitted; internal quotation marks omitted.) Dolgner v. Alander, 237 Conn. 272, 280 (1996).
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183(j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations and internal quotation marks omitted; footnote omitted.) Dolgner v.Alander, supra, 237 Conn. 281. Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations omitted; internal quotation marks omitted.) Id.
The record contains the transcript of the hearing which included testimony by the customer, George Martinez:
 Q. Now what is the status of the loan on the vehicle that you never really took possession of?
 A. The last time I called, which I believe was last month they told me it's current but they could not tell me that it was paid off. They told me it was no longer delinquent.
Q. It had been delinquent?
A. Yes, it had.
. . . CT Page 7892
Q. And you're personally liable on that loan?
A. Correct.
Q. You alone?
A. Yes.
Q. Who is making the payments, if you know?
A. At the moment I don't know.
(ROR, Item 2, p. 13.)
On cross examination, Martinez further testified:
 Q. And they didn't tell you that the entire loan had been paid off?
 A. No, they did not tell me that. All they told me that it was not delinquent any longer."
(ROR, Item 2, p. 14.)
The plaintiff did introduce testimony that the loan had been paid off. (ROR, Item 2, p. 19.) In addition, the plaintiff introduced a July 16, 1996 letter outlining a settlement agreement concerning the loan at issue. (ROR, Item 5.) No documentary evidence of payment was provided.
The hearing officer, based on the record, could conclude that the loan was outstanding. Martinez's testimony that in September of 1996, the loan was carried as current, was not rebutted by evidence of a settlement agreement. The hearing officer was able to make the conclusion he did as to the loan status based upon substantial evidence in the record.
The facts concerning Martinez substantial wait for the return of his deposit and the removal of his loan liability further support the conclusion that the plaintiff had engaged in unfair and deceptive practices. (See ROR, Item 2, pp. 6-7, 12-13, 27.)
The plaintiff failed to prove that Martinez agreed to assume the risk of loss prior to delivery. Martinez obtained insurance CT Page 7893 on October 11, 1995, the date he contracted for the vehicle, but anticipated receiving the car in a day or two. The plaintiff delayed for nearly two weeks in delivering the vehicle. There was no evidence of any explicit agreement by Martinez to assume the risk of loss prior to delivery. See General Statutes §42a-2-509(4)
The decision is affirmed and the appeal is dismissed.
Robert F. McWeeny, J.